UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOSEPH NOETHE and CHRISTINA M. NOETHE, Natural Guardians and Next Friend of H.C.N., a minor, and as individuals and husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>REGIONAL HEALTH NETWORK, INC., d/b/a REGIONAL HEALTH SPEARFISH HOSPITAL, d/b/a REGIONAL HEALTH MEDICAL CLINIC, d/b/a SPEARFISH REGIONAL MEDICAL CLINIC, d/b/a QUEEN CITY REGIONAL MEDICAL CLINIC, d/b/a SPEARFISH REGIONAL HOSPITAL, a South Dakota corporation, REGIONAL HEALTH PHYSICIANS, INC., a South Dakota corporation, REBECCA L. KNUDSON, M.D., an individual, RAPID CITY REGIONAL HOSPITAL, INC., d/b/a REGIONAL HEALTH RAPID CITY HOSPITAL, d/b/a REGIONAL HEALTH MEDICAL CLINIC, a South Dakota corporation, STEVEN L. BENN, M.D., an individual, REGIONAL HEALTH INC., a South Dakota corporation, REGINA M. REYNOLDS, M.D., and CHILDREN'S HOSPITAL COLORADO HEALTH SYSTEM, a Colorado Corporation,<br><br>Defendants. | CIV. 18-5082-JLV<br><br>ORDER |

Plaintiffs brought this medical negligence action on behalf of their minor child, whom they allege was injured at birth by defendants. (Docket 24). Defendants Regina Reynolds and Children's Hospital Colorado Health Systems each moved to dismiss the complaint against them for lack of personal

jurisdiction. (Dockets 40 & 46). Presently pending before the court are these defendants' motions to stay discovery until their motions to dismiss are resolved. (Dockets 42 & 48). In their motions, defendants each state plaintiffs oppose the requested stays. Id. However, plaintiffs did not file a written response to the motions as required by local rule. D.S.D. Civ. LR 7.1(B). The court accordingly considers the motions to stay discovery unopposed.[1]

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations and citations omitted); see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 16(b), (c); 26(b); 42(b)) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); 8 Charles Alan Wright & Richard L. Marcus, Federal Practice & Procedure § 2040, at 521 (2d ed. 1994)). "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (internal quotation omitted).

---

[1]Plaintiffs also seem to assume discovery is already stayed. In their responses to defendants' motions to dismiss, plaintiffs assert the motions should be denied because no discovery has yet taken place. (Dockets 45 at p. 3 & 51 at p. 3).

Here, defendants' motions to dismiss do not appear to be clearly without foundation in law. If defendants' motions are successful, the complaint against them will be dismissed. Forcing them to undergo merits-related discovery at this stage of the case is unnecessary.[2]

Accordingly, it is

ORDERED that defendants Regina Reynolds' and Children's Hospital Colorado Health Systems' motions to stay discovery (Dockets 42 & 48) are granted. If the court denies defendants' motions to dismiss, discovery shall resume with an order setting discovery deadlines.

Dated July 11, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

---

[2]The court would have permitted plaintiffs to undertake discovery on the jurisdictional issues presented in defendants' motions to dismiss. See Steinbuch v. Cutler, 518 F.3d 580, 589 (8th Cir. 2008) (reversing dismissal of complaint for lack of personal jurisdiction where district court refused to allow plaintiff jurisdictional discovery). Plaintiffs never requested that discovery—in fact, their responses to the motions to dismiss appear to be premised in no small part on the lack of discovery—and those motions are now fully briefed. Under these circumstances, the court does not see a point in permitting jurisdictional discovery. If plaintiffs wish to move for discovery on the jurisdictional issues and consequently amend their responses to the motions to dismiss, the court will consider that motion.