UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOSEPH NOETHE and CHRISTINA M. NOETHE, Natural Guardians and Next Friend of H.C.N., a minor, and as individuals and husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>REGIONAL HEALTH NETWORK, INC., d/b/a REGIONAL HEALTH SPEARFISH HOSPITAL, d/b/a REGIONAL HEALTH MEDICAL CLINIC, d/b/a SPEARFISH REGIONAL MEDICAL CLINIC, d/b/a QUEEN CITY REGIONAL MEDICAL CLINIC, d/b/a SPEARFISH REGIONAL HOSPITAL, a South Dakota corporation, REGIONAL HEALTH PHYSICIANS, INC., a South Dakota corporation, REBECCA L. KNUDSON, M.D., an individual, RAPID CITY REGIONAL HOSPITAL, INC., d/b/a REGIONAL HEALTH RAPID CITY HOSPITAL, d/b/a REGIONAL HEALTH MEDICAL CLINIC, a South Dakota corporation, STEVEN L. BENN, M.D., an individual, REGIONAL HEALTH INC., a South Dakota corporation, REGINA M. REYNOLDS, M.D., and CHILDREN'S HOSPITAL COLORADO HEALTH SYSTEM, a Colorado Corporation,<br><br>Defendants. | CIV. 18-5082-JLV<br><br>ORDER |

Plaintiffs, acting through counsel, brought this medical malpractice action on behalf of their minor child, H.C.N., "and on behalf of themselves as individuals[.]" (Docket 24 at ¶¶ 2-3). The court permitted plaintiffs' counsel to withdraw and plaintiffs informed the court they intend to proceed *pro se*. (Dockets 88 & 89).

"While federal law provides that parties may plead and conduct their own cases personally, 28 U.S.C. § 1654, this right does not extend to representation of one's child." Estate of Montileaux v. Farmers State Bank in Winner, S.D., No. Civ. 05-5049, 2005 WL 3088610 at *4 (D.S.D. 2005) (internal quotation omitted); see also Buckley v. Dowdle, No. 08-1005, 2009 WL 750122 at *1 (8th Cir. Mar. 24, 2009) (unpublished) (same); Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (collecting published appellate authority for same). "Courts have a duty to enforce this rule sua sponte, as it is designed to protect the legal interests of children." Wolfe v. Johanns, No. 8:00CV609, 2002 WL 475172 at *1 (D. Neb. Mar. 29, 2002) (quoting Wenger v. Canastota Central Sch. Dist., 146 F.3d 123, 152 (2d Cir. 1998), overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007)).

> The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation. . . . [A] court may not properly . . . make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented.

Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009).

Plaintiffs must obtain counsel to represent themselves as guardians or next friends of their minor child. If they are not able to obtain counsel, the court will dismiss the claims brought on behalf of H.C.N. and require plaintiffs to show

why their complaint should not be fully dismissed.[1] If plaintiffs can demonstrate their complaint brings claims on their behalf—not on behalf of H.C.N.—the court will permit those claims to proceed.

Accordingly, it is

ORDERED that plaintiffs obtain counsel and require counsel to enter a notice of appearance by **March 31, 2020**. If plaintiffs fail to do so, notice is hereby given that the court will dismiss all claims brought on behalf of H.C.N. and require plaintiffs to show why their complaint should not be dismissed in its entirety.

Dated March 2, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[1] The court informed plaintiffs they were able to move for appointed counsel and they chose not to do so. (Docket 88 at p. 2). Although plaintiffs may still move for appointed counsel, "p*ro se* litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018).