UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOSEPH NOETHE and CHRISTINA M. NOETHE, Natural Guardians and Next Friend of H.C.N., a minor, and as individuals and husband and wife,<br><br>     Plaintiffs,<br><br> vs.<br><br>REGIONAL HEALTH NETWORK, INC., d/b/a REGIONAL HEALTH SPEARFISH HOSPITAL, d/b/a REGIONAL HEALTH MEDICAL CLINIC, d/b/a SPEARFISH REGIONAL MEDICAL CLINIC, d/b/a QUEEN CITY REGIONAL MEDICAL CLINIC, d/b/a SPEARFISH REGIONAL HOSPITAL, a South Dakota corporation, REGIONAL HEALTH PHYSICIANS, INC., a South Dakota corporation, REBECCA L. KNUDSON, M.D., an individual, RAPID CITY REGIONAL HOSPITAL, INC., d/b/a REGIONAL HEALTH RAPID CITY HOSPITAL, d/b/a REGIONAL HEALTH MEDICAL CLINIC, a South Dakota corporation, STEVEN L. BENN, M.D., an individual, REGIONAL HEALTH INC., a South Dakota corporation, REGINA M. REYNOLDS, M.D., and CHILDREN'S HOSPITAL COLORADO HEALTH SYSTEM, a Colorado Corporation,<br><br>     Defendants. | CIV. 18-5082-JLV<br><br><br>ORDER |

   Plaintiffs, acting through counsel, brought this medical malpractice action

on behalf of their minor child, H.C.N., "and on behalf of themselves as

individuals[.]" (Docket 24 at ¶¶ 2-3). The court permitted plaintiffs' counsel to withdraw and plaintiffs informed the court they intend to proceed *pro se*. (Dockets 88 & 89). The court then entered an order requiring plaintiffs to obtain counsel if they wished to pursue claims on behalf of their child, citing the well-established rule that parents may not represent their children *pro se*. (Docket 90). Plaintiffs did not obtain counsel within the deadline the court set, nor did they move for an extension of that deadline.

The court now dismisses all claims in the first amended complaint brought on behalf of H.C.N. without prejudice. See Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009); Estate of Montileaux v. Farmers State Bank in Winner, S.D., No. Civ. 05-5049, 2005 WL 3088610 at *4 (D.S.D. Nov. 16, 2005). The court makes no ruling on the merits of H.C.N.'s claims. Berrios, 564 F.3d at 135 ("Where the owner of a claim is a [*pro se*] minor . . . the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted."). H.C.N. is no longer a party to this case and future pleadings shall remove her from the case caption.

Plaintiffs as parents may have claims of their own they wish to pursue. See Hoglund v. Dakota Fire Ins. Co., 742 N.W.2d 853, 857-58 (S.D. 2007) (discussing parental claims derived from medical malpractice against child); Knowles v. United States, 544 N.W.2d 183, 192-94 (S.D. 1996) (same), superseded by statute on other grounds as recognized by Peterson ex rel. Peterson v. Burns, 635 N.W.2d 556, 569-70 (S.D. 2001). Plaintiffs may proceed

by filing a notice specifying which portions of their amended complaint allege claims on their own behalf or by moving to file a second amended complaint. Their notice or motion to amend the complaint must be filed by **June 1, 2020**. If plaintiffs do not do so, notice is given that the court will dismiss whatever claims may remain for failure to prosecute.  See Fed. R. Civ. P. 41(b).

      For the reasons given above, it is

      ORDERED that all claims in the amended complaint brought on behalf of H.C.N. are dismissed without prejudice.

      IT IS FURTHER ORDERED that H.C.N. is removed as a plaintiff in this case.  All future filings shall remove H.C.N. from the case caption.

      IT IS FURTHER ORDERED that plaintiffs shall, on or before **June 1, 2020**, either: (1) file a notice specifying which portions of their amended complaint allege claims on their own behalf, independently of H.C.N., that they wish to pursue; or (2) move for leave to file a second amended complaint, with a brief detailing supporting legal authority.  Notice is hereby given that if plaintiffs fail to make either filing, or to seek an extension of the deadline for good cause, the court will dismiss this case for failure to prosecute.

      Dated April 29, 2020.

                           BY THE COURT:

                           /s/ *Jeffrey L. Viken*
                           JEFFREY L. VIKEN
                           UNITED STATES DISTRICT JUDGE